IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-16-51 |
| | * | |
| OMARI THOMAS | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM & ORDER**

Before the court is Omari Thomas's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF 456). Thomas seeks relief on the basis that he contracted COVID-19 in late December.

The court is not persuaded that Thomas's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] While Thomas claims that at the time of his motion, he was experiencing lingering and common symptoms of COVID-19, including shortness of breath, there is no indication that he is in danger of developing more serious symptoms, that he has any underlying medical conditions that would increase his risk of severe illness from COVID-19, or that he is not receiving medical care. Thomas also includes no medical records documenting the nature and extent of his symptoms or whether he has recovered from his illness. The court certainly hopes for Thomas's recovery, but without evidence that his positive COVID-19 diagnosis or the possibility of reinfection poses an immediate

---

[1] 28 U.S.C. § 994(t) gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act of 2018 and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

and serious risk to Thomas's health, the court is not persuaded that his current health status is an extraordinary and compelling reason for his release. *See, e.g.*, *United States. v. Hartley*, No. 5:13-cr-0046-KDV-DSC-1, 2020 WL 4926146, *3–4 (W.D.N.C. Aug. 21, 2020).[2] [3]

Accordingly, Thomas's motion for compassionate release (ECF 456) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this <u>19th</u> day of April, 2021.

                                                     __/S/_____
                                                   Catherine C. Blake
                                                   United States District Judge

---

[2] Unpublished opinions are cited for the soundness of their reasoning, and not for any precedential value.

[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors. It also appears that Thomas is scheduled to be released to a Residential Reentry Center in July 2021. The court has no objection to the BOP's determination that RRC is an appropriate placement at that time.